UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————
№ CV-06-3806 (JFB) (WDW)
———————————

Don Napoletano,

Plaintiff,

versus

Damianos Realty Group, a.k.a. Bonvi Realty,

Defendant.
———————————
MEMORANDUM AND ORDER
April 18, 2007
———————————

Joseph F. Bianco, District Judge:

Plaintiff Don Napoletano brings this employment discrimination case against his former employer, Damianos Realty Group, a.k.a. Bonvi Realty. Plaintiff alleges claims under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. (the "ADEA"), and the New York State Human Rights Law, N.Y. Exec. Law § 296(1)(a), based on constructive discharge. Defendant moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, defendant's motion is denied in part and granted in part.

I. Background

A. The Facts

The following facts are taken from the amended complaint and are not findings of fact by the Court, but rather are assumed to be true for purposes of deciding this motion to dismiss.

Plaintiff was employed as a Superintendent by defendant for a period of nearly nineteen years from August 1986 to May 16, 2005. (Am. Comp. ¶¶ 7, 8.) Plaintiff was fifty-nine years-old when he was allegedly constructively discharged on May 16, 2005. (*Id.* ¶ 29.) On several occasions during his employment, plaintiff requested a promotion to the position of Property

Manager. Chris Damianos ("Damianos"), an owner and Vice-President of defendant, did not grant plaintiff's requests. Damianos told plaintiff that another individual, sixty-five year-old Ron Johnson, was in line for the position but was "an old man." (*Id.* ¶¶ 10, 11.) In January or February 2005, defendant hired Peter Nichols ("Nichols") for the position. (*Id.* ¶ 12.) According to plaintiff, Nichols substantially changed the terms, conditions, and requirements of plaintiff's job by, among other things, requiring plaintiff to keep an hourly log and carry a two-way radio with him on a twenty-four-hour basis. (*Id.* ¶¶ 12, 13.) Plaintiff was the only Superintendent subject to these changes. (*Id.* ¶ 15.)

According to the amended complaint, Nichols "screamed" at plaintiff and used profanity, including when plaintiff confronted him about the new policies. (*Id.* ¶¶ 16, 20.) Once, Nichols berated plaintiff in front of a new tenant, causing plaintiff embarrassment and humiliation. (*Id.* ¶¶ 17-19.) Plaintiff sought a meeting with Damianos to discuss the problem, and Damianos insisted that Nichols be present at any meeting. (*Id.* ¶¶ 22, 23.)

Patricia Bono ("Bono"), Damianos's secretary, told plaintiff that an advertisement seeking a replacement for his position would be placed in *Newsday*. (*Id.* ¶ 24.) Bono advised plaintiff that "all was not lost" if he could get along with Nichols. (*Id.* ¶ 25.) Plaintiff replied that the problem between the two was harassment, not merely a personality conflict. (*Id.* ¶ 26.) In another conversation, John Finn ("Finn"), who served as Damianos's "right hand man," told plaintiff that plaintiff did not "have long to go," which plaintiff took as a reference to his age and to the age of the new Property Manager. (*Id.* ¶ 27.)

Plaintiff tendered his resignation and terminated his employment on May 16, 2005. (*Id.* ¶ 7.)

B. The Instant Action

Plaintiff contends that his resignation was the result of a constructive discharge. Plaintiff filed complaints with the State Division of Human Rights and the United States Equal Employment Opportunity Commission (the "EEOC") on January 6, 2003. (*Id.* ¶ 2.) The EEOC issued plaintiff a "Right-to-Sue" letter on May 10, 2006. Plaintiff brought suit *in forma pauperis* in this Court on August 4, 2006. Defendant moved to dismiss on October 4, 2006. Plaintiff retained counsel on November 8, 2006, and filed a response to the initial motion to dismiss on December 6, 2006. Oral argument on the motion was heard on February 5, 2007, and this Court granted plaintiff leave to amend his complaint.

The amended complaint was filed on February 20, 2007. By letter dated February 23, 2007, defendant moved by letter to dismiss the amended complaint, renewing arguments made in the initial motion and including an argument that plaintiff's claim under the New York Human Rights Law should be dismissed for lack of jurisdiction. Plaintiff filed a reply by letter dated February 28, 2007.

II. Standard of Review

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enterp.*, 448 F.3d

518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Dismissal is warranted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005).

### III. Discussion

Defendant seeks to dismiss the claims in the amended complaint on two separate grounds. First, defendant argues that plaintiff has not properly stated a claim for age discrimination based upon a constructive discharge. Second, defendant asserts that, under N.Y. Exec. Law § 297(9), this Court has no subject matter jurisdiction over plaintiff's claim under the New York Human Rights Law because the claim is still being adjudicated in a state administrative proceeding. The Court will address these issues in turn.

### A. Constructive Discharge

Plaintiff claims that he was constructively discharged by defendant based upon his age. The Second Circuit requires four elements to establish a *prima facie* case of age discrimination: (1) the plaintiff was within the protected age group; (2) the plaintiff was qualified for the position; (3) the employer engaged in an adverse employment action; and (4) the adverse action occurred under "circumstances giving rise to an inference of discrimination." *Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003); *see Spence v. Md. Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993) (applying these factors specifically to claims of age discrimination).

Constructive discharge occurs in the absence of a "discrete, identifiable act," when an employer, "'rather than directly discharging an individual, intentionally creates an intolerable atmosphere that forces an employee to quit voluntarily.'" *Flaherty v. Metromail Corp.*, 235 F.3d 133, 138 (2d Cir. 2000) (quoting *Chertkova v. Conn. Gen. Life Ins. Co.,* 92 F.3d 81, 89 (2d Cir. 1996)); *see also Morris v. Schroder Cap. Mgmt. Int'l,* – F.3d –, 2007 WL 155287, at *2 (2d Cir. Jan. 11, 2007) (stating that constructive discharge "occurs 'when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation'") (quoting *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir. 1983)). Working conditions are sufficiently "intolerable" when they are "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir. 1987) (quoting *Pena*, 702 F.2d at 325) (internal citations omitted). When such conditions are present, the court will treat the plaintiff's voluntary resignation "as if the employer had actually discharged the employee" for the purpose of establishing a *prima facie* case of discrimination. *Lopez*, 831 F.2d at 1188 (applying the doctrine of constructive discharge to a discrimination claim filed under 42 U.S.C. § 1981).

Defendant argues that the claim must be dismissed because plaintiff's complaint does not sufficiently establish a *prima facie* case of discrimination. (Def.'s Mem. at 5.)

3

Specifically, defendant asserts that, in establishing a *prima facie* case, plaintiff's claim is "subject to the *McDonnell Douglas* burden shifting framework." (Def.'s Mem. at 5.)

However, defendant's position has been specifically rejected by the United States Supreme Court in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). In *Swierkiewicz*, the Supreme Court rejected the concept that there is a heightened pleading standard in discrimination cases and, thus, held that the survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a *prima facie* case under *McDonnell Douglas*. *Swierkiewicz*, 534 U.S. at 510 ("The *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."); *see also Williams v. N.Y. City Hous. Authority,* 458 F.3d 67, 71-72 (2d Cir. 2006) (applying *Swierkiewicz* holding to retaliation claims); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (applying *Swierkiewicz* holding to discrimination claims under Title VII and ADEA claims); *Coffey v. Cushman & Wakefield*, No. 01-CV-9447 (JGK), 2002 WL 1610913, at *6 (S.D.N.Y. July 22, 2002) (applying *Swierkiewicz* and rejecting motion to dismiss a constructive discharge claim under the ADEA).

The Supreme Court has recently reiterated that "courts should generally not depart from the usual practice under the Federal Rules [of Civil Procedure]," and explained that heightened pleading requirements can only be established through the legislative process. *Jones v. Bock*, – U.S. –, 127 S.Ct. 910, 918 (2007). No such heightened pleading requirement for discrimination claims exists in Title VII or the ADEA. Therefore, the controlling standard for survival of a motion to dismiss lies not in *McDonnell Douglas*, but in Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Swierkiewicz*, 534 U.S. at 513 (complaints in discrimination cases "must satisfy only the simple requirements of Rule 8(a)").

The Second Circuit has emphasized that the Federal Rules "set forth a pleading standard under which a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz,* 445 F.3d at 591. Such a pleading "will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned the proper form of trial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (internal quotation omitted). A clear statement from the plaintiff alleging discrimination by the defendant is sufficient to achieve these goals. *See Ferro v. R. Exp. Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961) (holding that a complaint stating "that defendants have in a willful and malicious manner discriminated against plaintiff" provided sufficient notice of the discrimination claim).

Plaintiff has made a sufficiently clear statement in the amended complaint to satisfy Rule 8(a). In particular, plaintiff asserts the following: (1) in early 2005, Peter Nichols was hired as the Property Manager, which was a position for which defendant refused to consider plaintiff (Am. Comp. ¶ 10); (2) after Nichols arrived, plaintiff's terms and conditions of employment were immediately changed in such a way as to constitute a constructive discharge (*Id.* ¶¶ 13-23); and (3)

4

the constructive discharge was because of his age (plaintiff was fifty-nine years-old at the time of the alleged constructive discharge). (*Id.* ¶¶ 28-29.)

In support of this claim, plaintiff provided some alleged instances of how the terms and conditions of his employment and his responsibilities changed in early 2005 when Nichols became the Property Manager: (1) plaintiff was required to keep an hourly log of every activity he performed each day; (2) plaintiff was required to carry a two-way radio 24 hours a day, seven days a week; (3) Nichols screamed at plaintiff and used profanity; and (4) Damianos refused to meet with plaintiff alone in person to discuss this allegedly discriminatory conduct, but instead was going to require Nichols to be present. (Am. Comp. ¶¶ 13-23.) In addition, the amended complaint alleges constructive discharge based on plaintiff being told by Damianos's secretary that an advertisement had been placed in the newspaper to replace plaintiff in his position, but that "all was not lost" if plaintiff could learn to get along with Nichols. (*Id.* ¶¶ 24-25.) Furthermore, plaintiff alleges that Damianos's right-hand man told plaintiff that he does not "have long to go." (*Id.* ¶ 27.)

Moreover, in support of his claim that the constructive discharge was based on age, plaintiff sets forth certain allegations in the amended complaint, including: (1) Damianos told plaintiff he would refuse to consider him for the Property Manager position (Am. Comp. ¶ 10); and (2) "that Chris Damianos told plaintiff that Ron Johnson, a 65 year old employee was in line for that position, but that he was an old man." (*Id.* ¶ 11.)

Defendant claims that it is doubtful, based upon these allegations, that plaintiff would satisfy the elements of a discriminatory constructive discharge claim. That "'it may appear on the face of the pleadings that a recovery is very remote and unlikely . . . is not the test.'" *Swierkiewicz*, 534 U.S. at 515 (internal quotation omitted) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.")).

Defendant has not made any claim, in either the Memorandum of Law or the February 23, 2007 Letter, that plaintiff failed to give sufficient notice of his claim against Damianos Realty. Instead, defendant argues the merits of plaintiff's claim. The fact that defendant was able to argue the merits is evidence that defendant has had sufficient notice, and that plaintiff's complaint achieves the ends the Second Circuit described in *Simmons*. *Simmons*, 49 F.3d at 87 (holding that a movant's failure to argue non-compliance with Rule 8 was evidence that the plaintiff's complaint contained sufficient notice); *see also Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (stating that the movant's failure to argue a lack of notice was evidence that sufficient notice was given through the pleadings). Thus, although defendant may believe that there is a lack of evidence to support plaintiff's claim of constructive discharge, "[t]his simplified notice pleading standard [under Rule 8(a)] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512. Thus, defendant will have a full opportunity to raise these arguments should it move for

5

summary judgment at the conclusion of discovery.

In short, plaintiff's allegations are sufficient to satisfy Rule 8 and survive a motion to dismiss. The Court cannot conclude, assuming the facts to be true and drawing all inferences in plaintiff's favor, that "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Flores*, 343 F.3d at 148 (quoting *Conley*, 355 U.S. at 45-46).

Accordingly, defendant's motion to dismiss plaintiff's age discrimination claim is denied.

B. New York Human Rights Law Claim

Plaintiff's amended complaint states that "a complaint has been filed with the State Division of Human Rights within the time limited therefor for the unlawful practices complained of herein." (Am. Compl. ¶ 2.) Defendant asserts that, under N.Y. Exec. Law § 297(9), this Court has no subject matter jurisdiction over plaintiff's claim under the New York Human Rights Law.

"If a state would not recognize a plaintiff's right to bring a state claim in state court, a federal court exercising pendent jurisdiction, standing in the shoes of a state court, must follow the state's jurisdictional determination and not allow that claim to be appended to a federal law claim in federal court." *Promisel v. First Amer. Artificial Flowers, Inc.*, 943 F.2d 251, 257 (2d Cir. 1991). As in *Promisel*, plaintiff asks the court to exercise pendent jurisdiction over a claim of age discrimination in spite of the fact that there is an ongoing state administrative proceeding arising from the same incident of discrimination. *Promisel*, 43 F.2d at 257.

N.Y. Exec. Law § 297(9) states in relevant part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages, . . . unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

Under the New York Human Rights Law, two remedies are available to plaintiffs asserting causes of action founded upon discrimination: (1) a remedy through judicial review or (2) a remedy through an administrative action. *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 882-83 (2d Cir. 1995). Under N.Y. Exec. Law § 297(9), these remedies are mutually exclusive; that is, one who files a complaint with the Division of Human Rights cannot then seek a remedy through the judicial process. *Id.* (citing *Emil v. Dewey*, 406 N.E. 2d 744, 745 (N.Y. 1980)). "[O]nce a complainant elects the administrative forum by filing a complaint with the Division of Human Rights, a subsequent judicial action on the same complaint is *generally barred*." *Id.* at 883 (emphasis in original) (quoting *Marine*

6

*Midland Bank v. N.Y. State Div. of Human Rights*, 551 N.E.2d 558, 559 (N.Y. 1989)). The sole exception to this rule is when the administrative agency dismisses the complaint for "administrative convenience" under N.Y. Exec. Law § 297(9). *See Moodie* 58 F.3d at 883 (stating that the only exception to the statutory bar is for decisions made for "administrative convenience"); *see also Emil*, 406 N.E. 2d at 745 (holding that, absent a clear statement that the denial was issued due to administrative convenience, a claim cannot be commenced under the New York Executive Law).

Plaintiff does not contest that a claim was filed with the Division of Human Rights. (Am. Compl. ¶ 2.) However, plaintiff has provided no evidence that the state agency dismissed the claim for "administrative convenience." Instead, plaintiff argues that the EEOC was also speaking on behalf of the Division of Human Rights when it issued a "right to sue" notice on May 10, 2006. (Pl.'s Letter in Opp. to Mot. to Dismiss, February 28, 2007.) This argument is without merit. The right to sue letter issued by the EEOC is separate from any action undertaken by the state agency. *See Moodie*, 58 F.3d at 882 (holding that the district court does not have subject matter jurisdiction over state claims where a right-to-sue letter was issued from the EEOC and not the Division of Human Rights); *Stout v. Int'l Bus. Machines Corp.*, 798 F. Supp. 998, 1008 (S.D.N.Y. 1992) (finding that a right to sue letter issued by the EEOC does not also grant the district court jurisdiction over a state claim under N.Y. Exec. Law § 297(9)); *see also Ganguly v. N.Y. State Dep't. of Mental Hygiene – Dunlap Manhattan Psychiatric Ctr.*, 511 F. Supp. 420, 429 (S.D.N.Y. 1981) (explaining that a cause of action under N.Y. Exec. Law § 297 is separate from a claim filed with the EEOC).

Absent evidence that the Division of Human Rights dismissed plaintiff's claim for "administrative convenience," this Court lacks jurisdiction over the state law claim under N.Y. Exec. Law § 279(9). In the event that plaintiff's administrative action has been, or is dismissed in the future, for "administrative convenience," plaintiff may seek leave of this Court to amend his complaint to add the state claim. Accordingly, plaintiff's claim under Section 296(1)(a) is dismissed without prejudice.

III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED as to plaintiff's claim under the Age Discrimination in Employment Act. Defendant's motion to dismiss is GRANTED as to plaintiff's claim under the New York Human Rights Law, and that claim is dismissed without prejudice.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 18, 2007
Central Islip, New York

\* \* \*

Attorney for plaintiff is Aaron M. Woskoff, Esq, 201 Moreland Road, Suite 10, Hauppauge, New York 11788. Attorney for defendant is David M. Cohen, Esq. of Cooper, Sapir & Cohen, P.C., 560 Broadhollow Road, Suite 210, Melville, New York 11848.